UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-21490-CIV-COOKE/BANDSTRA

OLGA RAMIREZ DE STERLING,

    *Plaintiff*,

v.

BANK OF AMERICA, N.A., *et al.*,

    *Defendants*.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before me on the Defendant Bank of America N.A.'s ("BOA") Motion to Dismiss [D.E. 14], the Plaintiff's Response in Opposition [D.E. 17] and the Defendant's Reply thereto [D.E. 19]. The Motion to Dismiss is denied.

**I.     BACKGROUND**

Olga Ramirez De Sterling (the "Plaintiff") began banking with Barnett Bank in the 1990's and then became a customer of BOA when it took over the operations of Barnett Bank. (Am. Compl. at ¶ 8). The Defendant Ricardo Figueredo ("Figueredo") was the Plaintiff's account manager at Barnett Bank (Am. Compl. at ¶ 8) and continued as the Plaintiff's account manager at BOA. (Am. Compl. at ¶ 8). The Plaintiff purchased five certificates of deposit ("CDs"), during the course of her banking relationship with BOA, acting through Figueredo. (Am. Compl. at ¶ 11). At the end of the term of each deposit, the principal was to be reinvested into another CD and the interest accrued deposited into a money market checking account that the Plaintiff held at BOA. (Am. Compl. at ¶ 11). The Plaintiff alleges that over the years BOA, through Figueredo, represented to her that (1) her monies at BOA would be used to purchase CDs; (2) such deposits

would earn interest; (3) Figueredo could offer the Plaintiff rates of return higher than that offered to the general public; and (4) her monies remained on deposit at BOA earning interest. (Am. Compl. at ¶ 12). Despite these assurances, Figueredo raided her accounts at BOA and stole her monies by making a series of unauthorized withdrawals from her accounts. (Am. Compl. at ¶ 13). Figueredo concealed his theft by convincing the Plaintiff that the Colombian mail service was not secure, so she had her account statements mailed to him at BOA and traveled to the United States once a year to meet with him.  At their meetings, Figueredo convinced her that her funds were secure by presenting her with phony account statements. (Am. Compl. at ¶ 14). Figueredo was able to hide his wrongdoing by paying the Plaintiff with funds withdrawn from the accounts of other customers when she would make withdrawal requests. (Am. Compl. at ¶ 15). The Plaintiff has demanded that BOA pay her the monies due under the terms of their agreements, but BOA has refused to do so. (Am. Compl. at ¶ 18).

In her Amended Complaint, the Plaintiff alleges that BOA breached its contract with her by failing to return to her the principal covered by each CD, plus interest (Count I- Breach of Contract), that Figueredo acted with BOA's actual and apparent authority in converting her monies to his own use (Count II - Conversion), that Figueredo made misstatements to her which induced her to purchase CDs from BOA while acting with BOA's actual or apparent authority (Count III - Fraud in the Inducement), that BOA breached its duty to her to keep her monies secure (Count IV - Negligence), and that Figueredo stole her monies using an intricate and sophisticated scheme while acting with the Defendant's actual or apparent authority (Count V - Civil Theft).

## II.     LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v.*

*World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555-56. To survive a motion to dismiss, a complaint must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

### III.   ANALYSIS

#### A. Count I - Breach of Contact

BOA argues that this count should be dismissed because (1) the Plaintiff has failed to allege any express terms of their agreement that were breached by BOA, and (2) the Plaintiff has failed to attach to the Complaint a copy of any agreement she had with BOA. I disagree. In order to properly state a claim for breach of contract, a plaintiff must allege the existence of a contract, a breach thereof, and damages as a result of the breach. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). The Plaintiff has alleged that she purchased CDs from BOA, under the terms of which it agreed to pay to her a fixed rate of return on her principal, and to reinvest her principal at the end of each term while depositing the interest accrued into her money market checking account. (Am. Compl. at ¶ 11). Further, she has alleged that BOA breached their agreements by failing to pay her monies according to the terms of those

agreements and she has sustained monetary damages as a result. I find that the Plaintiff has sufficiently plead this count.

As to BOA's argument that this count should be dismissed because the Plaintiff has failed to attach a copy of the governing agreements to the Complaint, I agree with the Plaintiff that "when alleging a breach of contract, a plaintiff is not required to attach the subject contract to the complaint in order to state a claim." *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633, 2008 WL 660100, at *2 (S.D. Fla. Mar.7, 2008). BOA's Motion to Dismiss Count I is therefore denied.[1]

### B. Count II - Conversion

BOA has argued that the Plaintiff's claim for conversion should be dismissed because it is barred by the independent tort doctrine (also known as the economic loss doctrine). Alternately, BOA argues that the doctrine of respondeat superior is unavailable to the Plaintiff as a means of making BOA liable for the alleged wrongful acts of Figueredo, since Figueredo's acts were to further his own self interest. I disagree with BOA on both these limbs of attack.

While the economic loss rule bars a contracting party from recovery in tort where the act complained of relates to the performance of the contract, *Allen v. Stephan Co.*, 784 So. 2d 456, 457 (Fla. Dist. Ct. App. 2000), the rule has not eliminated causes of action based upon torts independent of the contractual breach. *HTP, Ltd. v. Lineas Aeras Coctarricenses*, S.A., 685 So. 2d 1238, 1239 (Fla. 1996). The rule does not bar a tort action for either intentional or negligent

---

[1] BOA also requested a more definite statement of the allegations contained in this count should the count survive the motion to dismiss. A motion for a more definite statement will be granted only if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself. *BB in Tech. Co., Ltd. v. Jaf, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007) (citation omitted). I am denying BOA's request for a more definite statement as to this count because I do not find it sufficiently vague or ambiguous.

acts considered to be independent from acts that breached the contract. *Id*. Intentional tort claims such as fraud, conversion, intentional interference and civil theft remain viable even if the parties are in privity of contract. *Indem. Ins. Co. v. Am. Aviation, Inc.*, 891 So. 2d 532, 543 n.3 (Fla. 2004). In this case, Plaintiff seeks to make BOA liable for Figueredo's conversion of her monies. Figueredo's acts, which are the basis of this theory of liability, are independent of the acts that allegedly breached the Defendant's contract with the Plaintiff (i.e. failure to pay the Plaintiff the sums she deposited at BOA). Accordingly, I find that the economic loss rule does not bar this count.

BOA also argues that this count should be dismissed because it is not liable for Figueredo's acts. Although BOA asserts that the doctrine of respondeat superior is unavailable to the Plaintiff, I agree with the Plaintiff's assertion that BOA is liable under the doctrine of apparent authority. The Florida Supreme Court has adopted Section 261 of the Second Restatement of Agency, which provides that:

> A principal who puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud... A person who otherwise would be liable to another for misrepresentations of one apparently acting for him, under the rule stated in Sec. 261, is not relieved from liability by the fact that the apparent agent acts entirely for his own purposes, unless the other has notice of this.

*Indus. Ins. Co. of NJ v. First Nat'l Bank of Miami*, 57 So. 2d 23, 26 (Fla. 1952). In her Amended Complaint, the Plaintiff alleges that Figueredo, "armed with the actual authority bestowed upon him by [BOA,]... raided [her] accounts and stole her money." (Am. Compl. at ¶ 13). He was able to do so by virtue of his position as an Assistant Manager with BOA. The Plaintiff has sufficiently stated a claim of conversion against BOA based upon the doctrine of apparent

authority.[2] Therefore, BOA's motion to dismiss this Count II is also denied.

### C. Count III - Fraud in the Inducement

BOA seeks dismissal of Count III because the Plaintiff has allegedly failed to plead this count with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).[3] Under Florida law, the elements of fraudulent inducement are: (1) a misrepresentation of a material fact; (2) by someone who knew or should have know the statement's falsity, (3) with intent that the representation would induce another to rely and act on it, and (4) injury suffered in justifiable reliance on the representation. *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1290 (S.D. Fla. 2007). Taking the allegations of the Plaintiff's Amended Complaint as true, Figueredo misrepresented that she would get a rate of interest on her accounts higher than that offered to other members of the public, assured her that her monies remained at BOA, convinced her that the Colombian mail service was not secure and that her bank statements should therefore go to him, and provided her with fake bank statements when she met with him in person at BOA. (Am. Coml. at ¶¶ 12-15). These acts were committed to induce the Plaintiff to maintain and increase her deposits with BOA, and the Plaintiff suffered injury as a result. Clearly, the Plaintiff has plead a claim of fraud in the inducement. BOA's motion to dismiss this count is also denied.

### D. Count IV - Negligence

In an attempt to dismiss the Plaintiff's claim for negligence, BOA argues that it did not owe a duty to the Plaintiff. According to BOA, the allegations in this case demonstrate that the

---

[2] In a case involving similar facts, Judge King found that the plaintiff had plead sufficient facts to support a case of conversion against a defendant bank based upon the acts of Figueredo. *Sadarangani v. Bank of Am., N.A.*, 2009 U.S. Dist. Lexis 68683, at *7-8 (S..D. Fla. 2009).

[3] BOA also reiterates its argument that the doctrine of respondeat superior is unavailable to the Plaintiff. Because I have already decided, *supra*, that BOA is liable for Figueredo's acts under the doctrine of apparent authority. I will not address this argument further.

Plaintiff was merely engaged in arms-length transactions with BOA, which are insufficient to create a fiduciary duty, and the Plaintiff failed to allege any other duty the bank could have breached. BOA also argues that this count should be dismissed since it is barred by the economic loss rule. While the relationship between a bank and its customer is generally an arms-length transaction with no fiduciary duties, *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993), a fiduciary relationship exists where the bank knows or has reason to know that a customer is placing trust and confidence in the bank and is relying on the bank to counsel and inform her. *First Nat'l Bank & Trust Co. v. Pack*, 789 So. 2d 411, 415 (Fla. 4th DCA 2001). A reasonable inference to be drawn from the Plaintiff's allegations is that she placed trust and confidence in BOA, acting through Figueredo, to counsel and inform her about the status and management of her accounts. I therefore find that the complaint sufficiently pleads the existence of a fiduciary relationship between the Plaintiff and the Defendant.

Further, as mentioned above, the economic loss rule does not bar a tort action for either intentional or negligent acts considered to be independent from acts that breached the contract. In her Amended Complaint, the Plaintiff has plead (1) the act that allegedly breached her contract with BOA, the Defendant's failure to pay to the Plaintiff the sums that she deposited at BOA (Am. Compl. at ¶ 22), and (2) the alleged act of negligence, the Defendant's failure to keep her funds secure and protect them from theft, embezzlement and similar forms of unlawful conduct. (Am. Compl. at ¶ 35). I find that the act alleged to amount to negligence is separate from the act that constitutes a breach of contract. BOA's Motion to Dismiss Count IV is denied.

### E. Count V - Civil Theft

Finally, BOA argues that Count V should be dismissed because the Plaintiff "fails to allege any acts by the Bank that go beyond and are independent from the duties imposed upon the

Bank by the governing deposit agreements," and thus is barred by the economic loss rule. Under this count, the Plaintiff seeks to impute liability to BOA for Figueredo's theft of he funds. Again, this is distinct from BOA's failure to pay the Plaintiff the sums she deposited at BOA. This count is [not barred by the economic loss rule. Therefore, BOA's Motion to Dismiss Count V is also dismissed.

**IV.   CONCLUSION**

BOA's Motion to Dismiss [D.E.14] is **DENIED** in its entirety.

**DONE AND ORDERED** in Chambers, Miami, Florida this 5th day of November 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*